I think this case is defined by the vagueness of the statute of 18 U.S.C. 1591. One of the standards here is a reasonable opportunity to observe the so-called victims in this case. This is a unique case. In this instance, Mr. Jackson had several weeks to text, communicate by electronic means with one of the victims, R.M. He had never met A.C., never spoke to A.C. up until the time that they met two hours later, police intervened. Let's see if we can get the easy one out of the way first. That seems to me to be A.C. Yes. A.C. testifies at the trial that she told him that she was underage. Apparently the jury believed that. How do you went on that? Mr. Jackson was led to believe by R.M. that she was of age, but it is a problem when the victim says to him she's 16 years old. It's an issue of fact, isn't it? I can't tap dance around that. I cannot tap dance around that issue. If she tells him she's 16, there's a question there. Just out of curiosity… Okay, so you see that that is an issue that was properly submitted to the jury that time? Not necessarily conceding it, because when you look at it in the time frame when he is participating in these events, he's told by the other person that she's 19 and of age. There is some reason for that person to believe she's 19. The other problem with the argument, though, is we can't find anything in the record that corroborates that supposedly R.M. told him that A.C. was not… Or that A.C. was of age. I know you say that, but I can't find it in the record. And that may be an issue for a 2255 hearing, that it wasn't brought up. Are you saying it is in the record or it isn't? It's not to be found in the record. Okay. Because you're kind of dead in the water with A.C. I do not have much ground to stand on with A.C. So just out of curiosity, let's assume that you're dead in the water with A.C. And let's assume that we agreed with you on R.M. Does that change anything here? No, because the sentences run concurrent. But I do think it's an important issue of law with R.M. to define how we are going to judge in this limited amount of time how to observe someone. The government mentioned A.C. asked for non-alcoholic beverages. The drinking age is 21. The arbitrariness of what the government states is a reasonable view, a reasonable opportunity to observe some of these habits does not give notice to a person like Brady Jackson of what the standard is. The arbitrary nature for the standard of enforcement for the government is evident in some of the arguments it makes in regards to R.M. Another one, send a taxi to pick up the girls. Counsel, don't we have, isn't the standard at this point, don't we have to look at the evidence in the light most favorable to the government and draw reasonable and logical conclusions and look at the evidence that way? And determine whether the elements of the crime have been proven. Also, whether any rational, reasonable, prior fact could have so found that that's the standard. Any? I think when you're asking, when you're speaking on the issue of due process and giving Mr. Jackson the opportunity We're talking about sufficiency of the evidence, aren't we? We are to a certain extent, but I thought that was your issue. I thought you had one issue on appeal that the evidence presented in the trial was insufficient. And I think it is, but in doing so, in arguing that it was insufficient, and you're talking about issues that, such as one person's a minor, the other is not, immature behavior, non-alcoholic beverages, send for a taxi, to allow those issues to come into the fact pattern that's presented to the prior fact, and to put those there without any ability for Brady Jackson, in the middle of the situation, to know that that's the arbitrary standard of the government, to have to observe whether, you know, if these victims need a taxi to come, that should be an addition of minor age. Let's forget the jumping around, the alcohol, the taxi, all that stuff for just a second. They had the opportunity, the jury had the opportunity to observe R.N. in court, when she's 18 years old. They saw pictures of what she looked like when she was in ninth grade. Let's just assume for a second that the jury looked at that woman and said, boy, if this is how young she looks now, it's clear that any reasonable person would have known she was under age three years earlier. I want you to assume that that's possible, all right? So how do we now set aside whatever the jury verdict was? What makes this so unreasonable? Does the person at age 18 look so old that nobody could ever reasonably conclude she looked under age 15? What's your argument? The argument at that point becomes the relevance of pictures from ninth grade to show the jury that this victim is under age. Do you have kids? Yes, I do. Do your kids have friends? My children are four and six. Okay, that's fine. But you see your kids in conjunction with other kids. You make an assessment of how old they are, don't you? To a certain extent. Okay, so that's what the jury's being asked to do here. They're trying to figure out whether this man should have known that this girl was under age when she prostituted herself for him at age 15. So they see a picture of her ninth grade school class picture, which is calculating right about when she's 15. Right. So the jury says that he should have known that she was under age. So why is that unreasonable in the minds of a jury? Because the school-age picture from class photographs is much different than what was likely presented to Mr. Jackson the night that he actually observed this young lady. In dress, in makeup, in showing herself, her body, and trying to attract him to lure him into prostituting her. But is it that way we have cross-examination? Yes, absolutely. So did the defense lawyer try to establish that she didn't really look like her class picture when she showed up at the motel? In my opinion, he could have done a much better job doing that. You don't have any evidentiary issues on appeal. I mean, if you say these pictures of her in ninth grade were not relevant, I don't see an issue that the trial judge abused discretion in bidding that evidence. I mean, that hasn't been raised yet. No. So what is the bottom line as to why the jury's determination that he should have known she was under age is unreasonable? What happened that makes that unreasonable? I think it's acceptance of arguments and evidence outside of the fact that she's 16. And dish out such as immature behavior, non-alcoholic beverages, arriving in a taxi betray the ability of Mr. Jackson to know or have reason to know that this young lady is 16 years old. Especially when he is confronted by her and says, I'm 19 years old, and there's no indication from her that she's going to school. She's actually 15. What's that? 15. I'm sorry. That there's no indication from her that she's going to school with her parents. She's out at night, able to come. The arbitrariness of the standard here in many ways betrays his due process rights. Arbitrariness of the standard. Are you challenging the statute under which he's convicted? I think so. I think so. You're challenging the sufficiency of the evidence. If you're attacking the statute as unconstitutional, I don't think that's before. It's not unconstitutional before, but I think it's something for this panel to consider. Why would we consider if it's not an issue? Your Honor, in the fundamental fairness of this proceeding, this panel has the opportunity to look at the constitutionality of the statute and question whether Mr. Jackson has a due process opportunity to know how to observe whether she's 15 or not. What is the standard for knowing that and the reasonable opportunity to observe? I think that's a very vague way to define to the people that are supposed to obey this law. So you're basically saying you have a due process right to tip out 15-year-old girls? I'm not saying that, Your Honor. I'm absolutely not. What I'm saying is you have a due process right to understand, to have fair notice of the standard of enforcement that's coming from the government and how to recognize that an underage child is just that, especially in this day and age where you become highly sexualized. And underage children are sexualized. All right. I think we've got it. Thank you. Thank you. Good morning, Your Honor. This is Maine Police Department. This is Laura Thornton. I'm here on behalf of the United States. Mr. Jackson did not challenge the vagueness, alleged vagueness of the statute in his brief. He cannot raise that for the first time in that oral argument. In order to convict Mr. Jackson under 1591A1, the government had to show that he knew or recklessly disregarded that these two victims were minors. And I think, as Judge McKee pointed out, the easiest way is to work backwards and look at count two. We have testimony from one of the victims, A.C., who said that she told Jackson that she was 16 years old. There is no support in the record that A.C. or, rather, R.M. ever said that A.C. was 19 years old. And even if she did, if she did not, even if he was – had conflicting views, he at minimum had reason to believe that she was a minor because she told him that she was 16. At least via issue from prior fact. Correct, Your Honor. And I think the fact that he overstated R.M.'s age readily defeats any argument that he advertised A.C. as 19 because he believed that she was 19. There's no reason to up these girls' ages in the ad if they're 18. I think that A.C.'s statement that she was 16 years old certainly raised the possibility that R.M. was perhaps a minor as well. Now, it is true that R.M. did lie about her age, and she said she was 18, but that's just one fact for the jury to consider. There are a lot of people that overestimate – underestimate their age, height, and weight, but that doesn't make it true. And it wasn't true in this case, and there are many indicators in this case. Did R.M.'s lie about her age? Is that to the police? She did lie to the police initially. She gave them the wrong birth date. She did tell – she texted Ray Jackson and said she was 18 years old, but she also looked very young. If you look at the photos, her face has some baby fat. You can tell that her face looks young, and that's actually what caught the investigators' attention from the beginning. And although Jackson had two hours with her in person, he had her pictures well before that time. She actually sent him a couple of pictures 15 days before they met. Which is of HIV 5, 69, and 70, and 7, 29, and 30. And before they met, he also knew that she was on the run with her sister, and she was homeless. So she's desperate for money, and she was vulnerable – 5, 74, and 75. Other relevant factors – she's not driving to see him. He has to send a taxi to pick these girls up at a fast food restaurant. After they arrive at this apartment, that's when A.C. says, I'm 16 years old. And I think that is relevant to the fact that perhaps R.M. might be a minor as well. When they get to the hotel, it's Jackson's cousins running the hotel room, not these girls. And R.M. testifies that they were kind of behaving in a juvenile manner, jumping around the hotel room and being silly. And when they go to the store, they're not purchasing alcohol or drinks. It's Jackson. The girls – A.C. purchases iced tea for them to drink. R.M. testifies that she didn't drink beer. And I think that even though you could look at these factors in isolation, that's not what we do. We look at the totality of the circumstances, and the inferences are construed in the government's favor. But I think the most compelling evidence in this case is that Jackson posted her age. R.M.'s age is 20. And if he truly believes that she's 18, there's absolutely no reason to overestimate her age. And the only reason why he did that is because he knew she wasn't 18. And that's evidence – strong evidence of a guilty state of mind in this case. And the jury heard all that evidence, saw the photographs, saw the ads, and saw these girls testify in person. And were able to apply the real-life experiences, whether they have daughters, sisters, nieces, and to decide whether this is someone – and R.M. was 17 at the time – whether it was believable that Brady Jackson did not know that she was a minor. The evidence in this case suggested that he did. He knew, or at minimum, had reckless disregard for the fact that she was a minor. And he certainly had two hours to observe her in person. And he had her photographs 15 days before actually even meeting. Judge McKeague, you did ask a question about whether if the case survived on one count but not the other, whether it would make a difference for sentencing. It does not. And the reason why it doesn't is because the judge varied downward to 180 months. So if you calculated the guideline range out as for a single conviction, he would have been sentenced at a level 32 criminal history 5. The minimum would have been 188 months. So if he actually got sentenced below what he would have received even just for a single count of conviction, the only difference would be that you'd have $100 for a special assessment instead of $200. But the evidence in this case certainly at minimum established that Brady Jackson recklessly disregarded that these girls were minors. Unless this court has questions, the government would respectfully request that this court affirm Brady Jackson's convictions. Thank you. Your Honor, very briefly. The government mentioned that an investigator was able to view RM and know how youthful she was. The record reflects that the investigator had training to identify these things. This is not necessarily something that a common person, a common man, would be able to recognize on its own. And so to put that standard on Brady Jackson has an unfairness to it. In arguing for this, yes, we do believe that the evidence was insufficient because it – I'm just fascinated by this argument. You're basically saying that because somebody looks like maybe they're too young, maybe just old enough, therefore it's unfair to prosecute them if their guess was wrong? Not necessarily prosecute them, Your Honor, but to put on standards of – Protecting kids is unfair now in this country? Absolutely not, Your Honor. Absolutely not. But giving a defendant the opportunity to argue a reasonable mistake of age in this country should be fair, should be something that we enforce. It may not be popular. It may not be politically prudent. So what does that have to do with the sufficiency of the evidence? In this instance, Your Honor, the standards that are used to say that Mr. Jackson was not able – was able to observe that our animal was of age I think are unfair to him and are not relevant to his case, such as getting a taxi for two people in the inner city of Toledo. It's not uncommon in the inner cities of America not to have a car, not to have a driver's license. These are not necessarily an issue of being able to identify someone's age. And in that sense, to use that as evidence when it's outside of necessarily looking at someone and saying, well, they must be under 18, yes, that is insufficient to use that as evidence to convict someone. All right. Thank you. The case will be submitted. I see that you are appointed under the Civil Justice Act. Thank you for your service to Mr. Jackson and to the court. Thank you.